IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| LAKEISHA M. SNEED, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Civil Action File No. |
| | § | _____ |
| MARK T. ESPER, SECRETARY. | § | |
| DEPARTMENT OF THE ARMY, | § | |
| UNITED STATES OF AMERICA, | § | JURY TRIAL DEMANDED |
| | § | |
| Defendants. | § | |

## PLAINTIFF'S COMPLAINT FOR EQUITABLE RELIEF AND DAMAGES AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, LAKEISHA M. SNEED (hereinafter "Plaintiff"), by and through her counsel, James E. Voyles, to file her Complaint in this action against the MARK T. ESPER, SECRETARY. DEPARTMENT OF THE ARMY, UNITED STATES OF AMERICA (hereinafter "Defendant"), and avers and alleges as follows: Defendant discriminated against Plaintiff through, inter alia: (a) disparate treatment; (b) racial harassment; and (c) retaliation, in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991; and 42 U.S.C. § 1981 as amended by the Civil Rights Act of 1991. This is also an action for violation of the American with Disabilities Act ("ADA").

Lakeisha M. Sneed vs. Mark T. Esper, Secretary. Department of the Army, et al
United States District Court; Middle District of Georgia; Columbus Division
Civil Action Fil No.:
*Plaintiff's Complaint for Equitable Relief and Damages and Demand for Jury Trial*
*Page 1 of 29*

Plaintiff seeks to be made whole through declaratory and injunctive relief; back pay; front pay; compensatory, nominal, and punitive damages; and attorneys' fees, costs, and expenses to redress Defendant's pervasive and discriminatory actions.

## I.    JURISDICTION AND VENUE

### 1.

This is an action for racial discrimination, retaliation pursuant to 42 U.S.C. §1981, as amended by the Civil Rights Act of 1991, and for race discrimination and retaliation pursuant to 42 U.S.C. §2000e et seq. (Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991). This is also an action for violation of the American with Disabilities Act ("ADA").

### 2.

Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1332; this action involves the United States Army, a federal entity, and federal questions regarding the deprivation of Ms. Sneed's rights under § 1981 and arises under the laws of the United States, to wit, Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991; the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq.

Lakeisha M. Sneed vs. Mark T. Esper, Secretary. Department of the Army, et al
United States District Court; Middle District of Georgia; Columbus Division
Civil Action Fil No.:
*Plaintiff's Complaint for Equitable Relief and Damages and Demand for Jury Trial*
*Page 2 of 29*

("ADA"); 42 U.S.C. § 1981 as amended by the Civil Rights Act of 1991; and 42 U.S.C. § 1983, the Civil Rights Act of 1871.

3.

The Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §2201 and 2202.

4.

Venue is proper in the Columbus Division of the Middle District of Georgia as herein defined pursuant to 28 U.S.C. §1391(b) & (c) because the wrongful conduct complained of herein occurred in this District; Defendant transacts substantial business in this District, and Defendant maintains employment records related to this action in Georgia.

5.

The majority, or a substantial part, of the employment practices and events or omissions giving rise to Sneed's claims alleged to be unlawful were and are now being committed in the Middle District of Georgia.

6.

The matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs.

Lakeisha M. Sneed vs. Mark T. Esper, Secretary. Department of the Army, et al
United States District Court; Middle District of Georgia; Columbus Division
Civil Action Fil No.:
*Plaintiff's Complaint for Equitable Relief and Damages and Demand for Jury Trial*
*Page 3 of 29*

## II.   PROCEDURAL ADMINISTRATIVE REQUIREMENTS

7.

Plaintiff has exhausted her administrative remedies and has complied with the statutory prerequisites of Title VII by filing charges with the Equal Employment Opportunity Commission (Attachment 1) alleging race/color, and retaliation discrimination. She has received her Right to Sue Letter (Attachment 2) from the Equal Employment Opportunity Commission on these allegations.

## III.   NATURE OF THE CLAIMS

8.

This is an action under Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991; and 42 U.S.C. § 1981 as amended by the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of discrimination through (a) disparate treatment; (b) racial harassment; and (c) retaliation, and to make Lakeisha Sneed whole. Defendant discriminated against Plaintiff, an African-American, female.

9.

This action is brought by Plaintiff ("Sneed") against Defendant United States Army ("Army"), to redress the Defendant's wrongful and tortious

Lakeisha M. Sneed vs. Mark T. Esper, Secretary. Department of the Army, et al
United States District Court; Middle District of Georgia; Columbus Division
Civil Action Fil No.:
*Plaintiff's Complaint for Equitable Relief and Damages and Demand for Jury Trial*
*Page 4 of 29*

conduct including race discrimination and wrongful constructive termination against Sneed.

10.

Plaintiff seeks monetary damages from Army including lost pay, mental and emotional suffering, and punitive damages and a declaratory judgment that Army discriminated against her on account of race and wrongfully terminated her on account of her race at Fort Benning located at Columbus, Georgia.

11.

Plaintiff also seeks an award of costs and attorney's fees for prosecuting this action as provided by Title VII and 42 U.S.C. § 1988.

## IV.   **PARTIES**

12.

Plaintiff, an African-American female, is a citizen of the United States and was employed by the Department of the Army in Columbus, Georgia. Sneed submits herself to the jurisdiction of this Court.

13.

Defendant is a federal entity conducting business within the City of Columbus within the state of Georgia; Army is an employer within the

Lakeisha M. Sneed vs. Mark T. Esper, Secretary, Department of the Army, et al
United States District Court; Middle District of Georgia; Columbus Division
Civil Action Fil No.:
*Plaintiff's Complaint for Equitable Relief and Damages and Demand for Jury Trial*
*Page 5 of 29*

meaning of 42 U.S.C. § 2000 e(b).  Army is also an individual within the meaning of 42 U.S.C. § 1981.

14.

Defendant may be served with process in this action by serving the Secretary of the Army.

## V.   FACTUAL ALLEGATIONS APPLICABLE TO ALL CLAIMS

15.

Defendant hired Plaintiff on December 19, 2011 as an Inpatient Psychiatric Unit Nurse. Plaintiff worked for Defendant until March 2016.

16.

On or about April 12, 2012, Plaintiff requested reasonable accommodations or resignation due to an incident on April 11, 2012 after she was left on her unit without a male employee on her shift. The request was because of her disability of PTSD, MDD, Anxiety, and unresolved grief as a result of an assault history from CAVCHS May 2011 during Nurses Week.

Lakeisha M. Sneed vs. Mark T. Esper, Secretary. Department of the Army, et al
United States District Court; Middle District of Georgia; Columbus Division
Civil Action Fil No.:
*Plaintiff's Complaint for Equitable Relief and Damages and Demand for Jury Trial*
*Page 6 of 29*

17.

On or about September 2, 2012, another female employee was assaulted by a patient in the presence of the Plaintiff which again triggered her PTSD, MDD, Anxiety, and unresolved grief. No accommodation had been granted to her. As a result, Plaintiff was unable to work because she had a panic attack the next day and had to take sick leave for about a month and a half.

18.

While Plaintiff was out on sick leave, her Psychologist, Dr. Schwartz requested for her to be removed from inpatient into any outpatient clinic positions to keep her current salary considering her credentials, but that request was denied.

19.

On numerous occasions Plaintiff requested for and applied for internal transfers or any outpatient clinic positions to keep her current salary considering her credentials due to the stresses caused in being forced to continue to work in the Inpatient Psychiatric Unit.

Lakeisha M. Sneed vs. Mark T. Esper, Secretary. Department of the Army, et al
United States District Court; Middle District of Georgia; Columbus Division
Civil Action Fil No.:
*Plaintiff's Complaint for Equitable Relief and Damages and Demand for Jury Trial*
*Page 7 of 29*

20.

On or about October 31, 2013, Plaintiff had an altercation with a co-worker after having a PTSD flashback and was placed on post restriction restricting her access to Fort Benning for a year and received an extension on her post restriction without cause. However, after a complaint the extension was removed, but Plaintiff's requests to be accommodated were continuously denied.

21.

On or about May 2014, the veteran who had previously assaulted Plaintiff at CAVHCS was admitted to inpatient in Plaintiff's unit. Plaintiff immediately informed her superiors and left the hospital. Plaintiff was forced to take leave again as she could not return until the patient was released, and he was no longer a threat to her. Her Psychologist, Dr. Schwartz, again requested reasonable accommodations, to be moved from inpatient to any position in outpatient to keep her current salary considering her credentials. This request was also denied.

22.

On or about July 30, 2014, Defendant formally submitted a detailed pending adjudication of her request for reasonable accommodation,

Lakeisha M. Sneed vs. Mark T. Esper, Secretary. Department of the Army, et al
United States District Court; Middle District of Georgia; Columbus Division
Civil Action Fil No.:
*Plaintiff's Complaint for Equitable Relief and Damages and Demand for Jury Trial*
*Page 8 of 29*

however, the accommodation provided to her presented hardships. Financially, going from inpatient to outpatient meant that the Plaintiff would not be able to take advantage of shift differential, weekend, or holiday pay; her student loans were placed in deferment due to change in pay; and she exhausted her leave to go to doctor's appointments that she would have been able to attend had she still been on the inpatient clinic schedule.

### 23.

Plaintiff continuously applied for Nursing positions of GS11 or higher to compensate for the loss of pay due to the change from inpatient nursing to outpatient nursing which took away her ability to take advantage of shift differential, weekend, or holiday pay. On or about the latter part of September 2014, Plaintiff was finally given an assignment with Dr. Jacqueline Rosenthal in the Neurology Clinic. Due to Defendant's actions, Plaintiff lost her student loan reimbursement which was previously agreed to be paid on April 30, 2012 as a part of her retention as a civilian nurse.

### 24.

On or about October 2015, Defendant requested Plaintiff to return doing assignments in the inpatient and outpatient clinics. Plaintiff requested

Lakeisha M. Sneed vs. Mark T. Esper, Secretary. Department of the Army, et al
United States District Court; Middle District of Georgia; Columbus Division
Civil Action Fil No.:
*Plaintiff's Complaint for Equitable Relief and Damages and Demand for Jury Trial*
*Page 9 of 29*

safety procedures due to fear of running into the assailant again, however, no safety plan was ever provided.

### 25.

On or about November 2015, Plaintiff requested extended advanced sick leave and to be placed on the leave donation program as a result of her PTSD exacerbation symptoms as a result of Defendant's refusal to provide Plaintiff with a safety plan while being made to work in the inpatient and outpatient clinics where she could encounter her assailant at any given time.

## VI.    CAUSES OF ACTION

### FIRST CAUSE OF ACTION

### VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 ("TITLE VII"), 42 U.S.C. § 2000e, et seq. and § 1981, 1981(b) & 1991

### 26.

Plaintiff repeats and realleges by reference each and every allegation contained in paragraphs 1 through 25 and incorporates the same herein as though fully set forth.

### 27.

DEFENDANT engaged in a pattern and practice of unlawful racial discrimination by subjecting Plaintiff to a racially hostile environment.

Lakeisha M. Sneed vs. Mark T. Esper, Secretary. Department of the Army, et al
United States District Court; Middle District of Georgia; Columbus Division
Civil Action Fil No.:
*Plaintiff's Complaint for Equitable Relief and Damages and Demand for Jury Trial*
*Page 10 of 29*

28.

The above-described unwelcome racial discrimination created an intimidating, oppressive, hostile and offensive work environment that interfered with Plaintiff's emotional well-being.

29.

Defendant at all times relevant hereto had actual and constructive knowledge of the conduct described above.

30.

As a result of the hostile and offensive work environment perpetrated by DEFENDANT and maintained by DEFENDANT, and because of DEFENDANT's failure to protect Plaintiff from further discrimination, Plaintiff has suffered severe emotional distress, loss of employment and loss of income and other benefits of employment.

31.

DEFENDANT violated the law by failing to adequately supervise, control, discipline, and/or otherwise penalize the conduct, acts, and failures to act of DEFENDANT employees, agents and supervisors as described above.

Lakeisha M. Sneed vs. Mark T. Esper, Secretary. Department of the Army, et al
United States District Court; Middle District of Georgia; Columbus Division
Civil Action Fil No.:
*Plaintiff's Complaint for Equitable Relief and Damages and Demand for Jury Trial*
*Page 11 of 29*

32.

DEFENDANT failed to comply with its statutory duty to take all reasonable and necessary steps to eliminate racial discrimination from the workplace and to prevent it from occurring in the future.

33.

Plaintiff is informed and believes and, based thereon, alleges that in addition to the practices enumerated above, DEFENDANT has engaged in other discriminatory practices against them which are not yet fully known. At such time as said discriminatory practices become known to them, Plaintiff will seek leave of Court to amend this Complaint to include such practices.

34.

As a direct and proximate result of DEFENDANT's willful, knowing and intentional discrimination against them, Plaintiff has suffered and will continue to suffer pain and suffering, and extreme and severe mental anguish and emotional distress; she continues to suffer a loss of earnings and other employment benefits and job opportunities.  Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial.

Lakeisha M. Sneed vs. Mark T. Esper, Secretary. Department of the Army, et al
United States District Court; Middle District of Georgia; Columbus Division
Civil Action Fil No.:
*Plaintiff's Complaint for Equitable Relief and Damages and Demand for Jury Trial*
*Page 12 of 29*

35.

As a further direct and proximate result of DEFENDANT's violation of existing law, as heretofore described, Plaintiff has been compelled to retain the services of counsel and has thereby incurred, and will continue to incur, legal fees and costs, the full nature and extent of which are presently unknown to Plaintiff, who therefore will seek leave of Court to amend this Complaint in that regard when the same shall be fully and finally ascertained.  Plaintiff requests that attorneys' fees be awarded.

36.

Plaintiff is informed and believe and, based thereon, alleges that the outrageous conduct of DEFENDANT described above was done with oppression and malice; with a conscious disregard for her rights; and with intent, design and purpose of injuring them.  Plaintiff is further informed and believes that DEFENDANT through its officers, managing agents and/or its supervisors, authorized, condoned and/ or ratified the unlawful conduct.  By reason thereof, Plaintiff is entitled to punitive or exemplary damages from DEFENDANT in a sum according to proof to be presented at trial.

Lakeisha M. Sneed vs. Mark T. Esper, Secretary. Department of the Army, et al
United States District Court; Middle District of Georgia; Columbus Division
Civil Action Fil No.:
*Plaintiff's Complaint for Equitable Relief and Damages and Demand for Jury Trial*
*Page 13 of 29*

## SECOND CAUSE OF ACTION

## Retaliation

### 37.

Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 36, and incorporates the same by reference as though fully set forth herein.

### 38.

As herein alleged, DEFENDANT illegally retaliated against Plaintiff by subjecting her to unjust discipline because she had complained of and/or reported racial discrimination.

### 39.

Plaintiff is informed and believes, and based hereon alleges, that in addition to the practices enumerated above, DEFENDANT may have engaged in other discriminatory practices against them which are not yet fully known. At such time as such discriminatory practices become known, Plaintiff will seek leave of Court to amend this Complaint to include such practices.

Lakeisha M. Sneed vs. Mark T. Esper, Secretary. Department of the Army, et al
United States District Court; Middle District of Georgia; Columbus Division
Civil Action Fil No.:
*Plaintiff's Complaint for Equitable Relief and Damages and Demand for Jury Trial*
*Page 14 of 29*

40.

As a direct and proximate result of DEFENDANT's willful, knowing and intentional discrimination and retaliation against them, Plaintiff suffered and will continue to suffer pain and suffering, and extreme and severe mental anguish and emotional distress.  Plaintiff has suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities.  Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial.

41.

As a further, direct and proximate result of DEFENDANT's violation of existing law, as heretofore described, Plaintiff has been compelled to retain the services of counsel and has thereby incurred, and will continue to incur, legal fees and costs, the full nature and extent of which are presently unknown to her.  Plaintiff will therefore seek leave of Court to amend this Complaint in that regard when the same shall be fully and finally ascertained.  Plaintiff requests that attorneys' fees be awarded.

42.

Plaintiff is informed and believes and based thereon, alleges that the outrageous conduct of DEFENDANT described above was done with malice

Lakeisha M. Sneed vs. Mark T. Esper, Secretary, Department of the Army, et al
United States District Court; Middle District of Georgia; Columbus Division
Civil Action Fil No.:
*Plaintiff's Complaint for Equitable Relief and Damages and Demand for Jury Trial*
*Page 15 of 29*

and oppression; with a conscious disregard for her rights; and with intent, design and purpose of injuring her.   DEFENDANT, through its officers, managing agents and/or supervisors, authorized, condoned and/or ratified the unlawful conduct named in this action.   By reason thereof, Plaintiff is entitled to punitive or exemplary damages from DEFENDANT in a sum according to be proved at trial.

THIRD CAUSE OF ACTION

Constructive Discharge in Violation of Title VII

43.

Plaintiff repeats and realleges by reference each and every allegation contained in paragraphs 1 through 42 and incorporates the same herein as though fully set forth.

44.

Plaintiff is informed and believes and, based thereon, alleges that she was constructively discharged from her employment as a consequence of her race and for reporting the racial discrimination to which she was subjected by DEFENDANT.

Lakeisha M. Sneed vs. Mark T. Esper, Secretary. Department of the Army, et al
United States District Court; Middle District of Georgia; Columbus Division
Civil Action Fil No.:
*Plaintiff's Complaint for Equitable Relief and Damages and Demand for Jury Trial*
*Page 16 of 29*

45.

It is the public policy of the United States as expressed in Title VII, that individuals shall not be discriminated against in her employment on the basis of her race (by being racially harassed or discriminated against), or based upon the fact that they have made a report of racial discrimination; by its actions DEFENDANT violated this public policy.

46.

As a direct and proximate result of DEFENDANT's constructive termination of Plaintiff in violation of public policy, Plaintiff has suffered and will continue to suffer pain and suffering, and extreme and severe mental anguish and emotional distress.  Plaintiff has suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities.  Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial.

47.

Plaintiff is informed and believes and, based thereon, alleges that the outrageous conduct of DEFENDANT described above was done with malice oppression; with a conscious disregard for her rights; and with intent, design and purpose of injuring.  DEFENDANT through its officers, managing

Lakeisha M. Sneed vs. Mark T. Esper, Secretary. Department of the Army, et al
United States District Court; Middle District of Georgia; Columbus Division
Civil Action Fil No.:
*Plaintiff's Complaint for Equitable Relief and Damages and Demand for Jury Trial*
*Page 17 of 29*

agents and/or supervisors authorized, condoned and/or ratified the unlawful conduct. By reason thereof, Plaintiff is entitled to punitive or exemplary damages from DEFENDANT in a sum according to proof to be presented at trial.

48.

DEFENDANT's conduct as described herein was malicious and oppressive, and done with a conscious disregard of Plaintiff's rights.  The acts of DEFENDANT were performed with the knowledge of an employer's economic power over its employees.  DEFENDANT, through its officers, managing agents and/or supervisors, authorized, condoned and ratified the unlawful conduct. Consequently, Plaintiff is entitled to punitive damages.

FOURTH CAUSE OF ACTION

Intentional Infliction of Emotional Distress

49.

Plaintiff repeats and realleges by reference each and every allegation contained in Paragraphs 1 through 48 and incorporates the same herein as though fully set forth.

Lakeisha M. Sneed vs. Mark T. Esper, Secretary. Department of the Army, et al
United States District Court; Middle District of Georgia; Columbus Division
Civil Action Fil No.:
*Plaintiff's Complaint for Equitable Relief and Damages and Demand for Jury Trial*
*Page 18 of 29*

50.

In failing to protect Plaintiff  from the continuing racial discrimination and other offensive conduct of DEFENDANT described herein, and, further, in perpetrating racial discrimination itself; as well as suspending, demoting, failing to promote or constructively terminating the employment of Plaintiff in retaliation for reporting racial discrimination, DEFENDANT abused its special position as Plaintiff's superior that vested it with substantial power to control her work environment and to damage her interests and well-being.

51.

Through the outrageous conduct described above, DEFENDANT acted with the intent to cause, or with reckless disregard for the probability of causing Plaintiff to suffer severe emotional distress.

52.

As a direct and proximate result of DEFENDANT's action, Plaintiff has suffered and will continue to suffer pain and suffering, and extreme and severe mental anguish and emotional distress; she has suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities.   Plaintiff is thereby entitled to general and compensatory damages in amount to be proven at trial.

Lakeisha M. Sneed vs. Mark T. Esper, Secretary. Department of the Army, et al
United States District Court; Middle District of Georgia; Columbus Division
Civil Action Fil No.:
*Plaintiff's Complaint for Equitable Relief and Damages and Demand for Jury Trial*
*Page 19 of 29*

53.

DEFENDANT's conduct as described herein was malicious and oppressive, and done with a conscious disregard to Plaintiff's rights. The acts of DEFENDANT were performed with the knowledge of an employer's economic power over its employees. DEFENDANT, through its officers, managing agents, and supervisors, authorized, condoned and ratified the unlawful conduct of the DEFENDANT in this action. Consequently, Plaintiff is entitled to punitive damages.

## FIFTH CAUSE OF ACTION

## Negligent Supervision

54.

Plaintiff repeats and realleges by reference each and every allegation contained in Paragraphs 1 through 53 and incorporates the same herein as though fully set forth.

55.

DEFENDANT, knew, or reasonably should have known, that Plaintiff's supervisors were engaging in the unlawful behavior described herein.

Lakeisha M. Sneed vs. Mark T. Esper, Secretary. Department of the Army, et al
United States District Court; Middle District of Georgia; Columbus Division
Civil Action Fil No.:
*Plaintiff's Complaint for Equitable Relief and Damages and Demand for Jury Trial*
*Page 20 of 29*

56.

At all times material herein, DEFENDANT knew, or reasonably should have known, that the conduct, acts, and failures to act of DEFENDANT and/or DEFENDANT supervisors, agents and employees as described herein above violated Plaintiff's rights.

57.

At all times material herein, DEFENDANT knew, or reasonably should have known, that the incidents, conduct, acts, and failures to act described herein above, would and did proximately result in emotional distress to Plaintiff, including, but not limited to, loss of sleep, anxiety, tension, depression, and humiliation.

58.

At all times material herein DEFENDANT, knew, or in the exercise of reasonable care should have known, that unless DEFENDANT intervened to protect Plaintiff, and to adequately supervise, prohibit, control, regulate, discipline, and/or otherwise penalize the conduct, acts, and failures to act, of DEFENDANT supervisors, agents or employees as alleged, herein, said conduct, acts, and failures to act would continue, thereby subjecting Plaintiff

Lakeisha M. Sneed vs. Mark T. Esper, Secretary. Department of the Army, et al
United States District Court; Middle District of Georgia; Columbus Division
Civil Action Fil No.:
*Plaintiff's Complaint for Equitable Relief and Damages and Demand for Jury Trial*
*Page 21 of 29*

to personal injury, emotional distress, loss of wages, loss of employment and loss of employment benefits.

## 59.

DEFENDANT knew, or in the exercise of reasonable care should have known, that unless DEFENDANT intervened to protect Plaintiff, and to adequately supervise, prohibit, control, regulate, discipline, and/or otherwise penalize the conduct, acts, and failures to act as described herein, DEFENDANT's failure to so protect, supervise, and intervene would have the effect of encouraging, ratifying, condoning, exacerbating, increasing and worsening said conduct, acts, and failures to act.

## 60.

At all times material herein, DEFENDANT, had the power, ability, authority, and duty to so intervene, supervise, prohibit, control, regulate, discipline, and/or penalize the conduct of all DEFENDANT supervisors, agents or employees as described herein above.

## 61.

Despite said knowledge, power, and duty, DEFENDANT negligently failed to act so as to prevent, supervise, prohibit, control, regulate, discipline,

Lakeisha M. Sneed vs. Mark T. Esper, Secretary, Department of the Army, et al
United States District Court; Middle District of Georgia; Columbus Division
Civil Action Fil No.:
*Plaintiff's Complaint for Equitable Relief and Damages and Demand for Jury Trial*
*Page 22 of 29*

and/or penalize such conduct, acts, and failures to act, or to otherwise protect Plaintiff.

62.

As a direct and proximate result of the failure of DEFENDANT to protect Plaintiff and to adequately supervise, prohibit, control, regulate, discipline, and/or otherwise penalize the conduct, acts, and failures to act of DEFENDANT supervisors, agents or employees as alleged herein, said conduct, acts, and failures to act were perceived by them as, and in fact had the effect of, ratifying, encouraging condoning, exacerbating, increasing, and/or worsening said conduct, acts, and failures to act.

63.

At all-time material herein, the failure of DEFENDANT to protect Plaintiff, and to adequately supervise, prohibit, control, regulate, discipline, and/or otherwise penalize the conduct, acts, and failures to act of supervisors, agents or employees violated Plaintiff's right under federal, state, and municipal statutes, codes and ordinances.

64.

As a direct and proximate result of DEFENDANT's actions, Plaintiff has suffered and will continue to suffer pain and suffering, and extreme and

Lakeisha M. Sneed vs. Mark T. Esper, Secretary. Department of the Army, et al
United States District Court; Middle District of Georgia; Columbus Division
Civil Action Fil No.:
*Plaintiff's Complaint for Equitable Relief and Damages and Demand for Jury Trial*
*Page 23 of 29*

severe mental anguish and emotional distress; Plaintiff has suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities. Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial.

65.

DEFENDANT's conduct as described herein was malicious and oppressive, and done with a conscious disregard of Plaintiff's rights.  The acts of DEFENDANT were performed with the knowledge of an employer's economic power over its employees.  DEFENDANT, through its officers, managing agents and/or supervisors, authorized condoned and ratified the unlawful. Consequently, Plaintiff is entitled to punitive damages from DEFENDANT.

## VII.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully pray the following:

a.    That process issue;

b.    That the DEFENDANT herein be served with summons and complaint;

c.    That Plaintiff's case be tried before a jury with regard to all issues so triable;

Lakeisha M. Sneed vs. Mark T. Esper, Secretary. Department of the Army, et al
United States District Court; Middle District of Georgia; Columbus Division
Civil Action Fil No.:
*Plaintiff's Complaint for Equitable Relief and Damages and Demand for Jury Trial*
*Page 24 of 29*

d.      That Plaintiff have and recover from DEFENDANT back pay and benefits due and payable;

e.      That Plaintiff have and recover from DEFENDANT front pay including advanced sick leave balance paid and benefits;

f.      That Plaintiff have and recover from DEFENDANT compensatory damages for her emotional pain and suffering as a result of the acts of DEFENDANT in an amount to be determined by a jury;

g.      That Plaintiff have and recover from DEFENDANT punitive damages in an amount to be determined by a jury;

h.      That Plaintiff have and recover from DEFENDANT her reasonable attorney's fees and cost incurred in this action, plus interest;

i.      That Plaintiff's student loans be repaid as agreed in 2012; and,

j.      For such other just and further relief as this Court deems just and proper; and,

As to the First Cause of Action:

Lakeisha M. Sneed vs. Mark T. Esper, Secretary. Department of the Army, et al
United States District Court; Middle District of Georgia; Columbus Division
Civil Action Fil No.:
*Plaintiff's Complaint for Equitable Relief and Damages and Demand for Jury Trial*
*Page 25 of 29*

1. That Plaintiff be awarded general and compensatory damages, including prejudgment interest, in an amount according to proof presented at trial;

2. That Plaintiff be awarded punitive damages in an amount according to proof presented at trial;

3. That Plaintiff be awarded reasonable attorney's fees and costs of suit; and

4. That Plaintiff be awarded such other and further relief as the Court deems just and proper.

As to the Second Cause of Action:

1. That Plaintiff be awarded general and compensatory damages, including prejudgment interest, in and amount according to proof at trial;

2. That Plaintiff be awarded punitive damages in an amount according to proof to be presented at trial;

3. That Plaintiff be awarded reasonable attorney's fees and costs of suit; and

4. That Plaintiff be awarded such other and further relief as the Court deems just and proper.

Lakeisha M. Sneed vs. Mark T. Esper, Secretary. Department of the Army, et al
United States District Court; Middle District of Georgia; Columbus Division
Civil Action Fil No.:
*Plaintiff's Complaint for Equitable Relief and Damages and Demand for Jury Trial*
*Page 26 of 29*

As to the Third Cause of Action:

1. That Plaintiff be awarded general and compensatory damages, including prejudgment interest, in an amount according to proof at trial; and

2. That Plaintiff be awarded punitive damages in an amount according to proof to be presented at trial;

3. That Plaintiff be awarded reasonable attorney's fees and costs of suit; and

4. That Plaintiff be awarded such other and further relief as the Court deems just and proper.

As to the Fourth Cause of Action:

1. That Plaintiff be awarded general and compensatory damages, including prejudgment interest, in an amount according to proof presented at trial;

2. That Plaintiff be awarded punitive damages in an amount according to proof presented at trial;

3. That Plaintiff be awarded reasonable attorney's fees and costs of suit; and

Lakeisha M. Sneed vs. Mark T. Esper, Secretary. Department of the Army, et al
United States District Court; Middle District of Georgia; Columbus Division
Civil Action Fil No.:
*Plaintiff's Complaint for Equitable Relief and Damages and Demand for Jury Trial*
*Page 27 of 29*

4. That Plaintiff be awarded such other and further relief as the Court

    deems just and proper.

As to the Fifth Cause of Action:

1. That Plaintiff be awarded general and compensatory damages,

    including prejudgment interest, in an amount according to proof

    presented at trial;

2. That Plaintiff be awarded punitive damages in an amount according to

    proof presented at trial;

3. That Plaintiff be awarded reasonable attorney's fees and costs of suit;

    and

4. That Plaintiff be awarded such other and further relief as the Court

    deems just and proper.

## VIII.   JURY DEMAND

Plaintiff requests a trial by jury.

Respectfully submitted this the 27th day of November 2017.


/s/ James E. Voyles
James Everett Voyles
Ga. Bar No. 729016

Voyles Milhollin Law Firm
600 Village Trace, Suite 200
Marietta, Georgia 30067

Lakeisha M. Sneed vs. Mark T. Esper, Secretary. Department of the Army, et al
United States District Court; Middle District of Georgia; Columbus Division
Civil Action Fil No.:
*Plaintiff's Complaint for Equitable Relief and Damages and Demand for Jury Trial*
*Page 28 of 29*

(770) 999-6700
(770) 999-6701
jvoyles@voyleslaw.com

Lakeisha M. Sneed vs. Mark T. Esper, Secretary. Department of the Army, et al
United States District Court; Middle District of Georgia; Columbus Division
Civil Action Fil No.:
*Plaintiff's Complaint for Equitable Relief and Damages and Demand for Jury Trial*
*Page 29 of 29*