IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| LAKEISHA M. SNEED, | * | |
| Plaintiff, | * | |
| vs. | * | |
| MARK T. ESPER, *Secretary, Department of the Army, United States of America*, | * | CASE NO. 4:17-CV-232 (CDL) |
| Defendant. | * | |

O R D E R

Plaintiff Lakeisha Sneed is a former civilian employee of the U.S. Army. Sneed claims that she was subjected to racial discrimination, racial harassment, retaliation, and constructive discharge. Sneed brought this action under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e to 2000e-17, 42 U.S.C. § 1981, 42 U.S.C. § 1983, and Title I of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 to 12117. She also asserts claims for intentional infliction of emotional distress and negligent supervision. Defendant Secretary of the Army Mark Esper moved to dismiss all of Sneed's claims (ECF No. 7). In response, Sneed agreed that she cannot bring claims against Defendant under the ADA, § 1981, or § 1983. Defendant's motion to dismiss those claims is therefore granted.

And, for the reasons set forth below, Defendant's motion to dismiss Sneed's other claims is also granted.

## MOTION TO DISMISS STANDARD

"To survive a motion to dismiss" under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The complaint must include sufficient factual allegations "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In other words, the factual allegations must "raise a reasonable expectation that discovery will reveal evidence of" the plaintiff's claims. *Id.* at 556. But "Rule 12(b)(6) does not permit dismissal of a well-pleaded complaint simply because 'it strikes a savvy judge that actual proof of those facts is improbable.'" *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007) (quoting *Twombly*, 550 U.S. at 556).

## FACTUAL BACKGROUND

Sneed alleges the following facts in support of her claims. The Court must accept these allegations as true for purposes of the pending motion.

Sneed is an African American woman. In December 2011, the Army hired her as an inpatient psychiatric unit nurse. Sneed

asserts that she has a disability because she suffers from post traumatic stress disorder, major depressive disorder, anxiety disorder, and unresolved grief due to an assault that occurred at a prior place of employment (collectively, "disorders"). In April 2012, Sneed "was left on her unit without a male employee on her shift." Compl. ¶ 16, ECF No. 1. After that incident, she requested an accommodation, although it is not clear from the Complaint what accommodation she requested. In September 2012, another employee was assaulted by a patient in Sneed's presence, which triggered her disorders and caused her to have a panic attack that left her unable to work for a month and a half. While Sneed was on medical leave, her psychologist asked that Sneed be transferred to a non-inpatient clinic position without a salary change, but the request was denied.

In October 2013, Sneed had an altercation with a co-worker after she had a PTSD flashback. As a result of the incident, Sneed was placed on post restriction, which restricted her access to Fort Benning for a year.

In May 2014, a patient who had assaulted Sneed when she worked at a different facility was admitted to Sneed's inpatient unit. Sneed informed her supervisors of the issue and left the hospital; she took leave until the patient was released. Sneed's psychologist again asked that Sneed be removed from

inpatient to an outpatient position without a salary change. The request was denied.

In July 2014, the Army reassigned Sneed to an outpatient position, which resulted in a pay decrease and a schedule change that made it difficult for her to go to doctor's appointments without taking leave. In September 2014, the Army reassigned Sneed to the neurology clinic, and Sneed lost her student loan reimbursement.

On March 5, 2015, Sneed filed an administrative complaint with the Army's Equal Employment Opportunity Office ("EEOO").[1] In the administrative complaint, Sneed complained that she had been subjected to race discrimination, sex discrimination, disability discrimination, hostile work environment, and retaliation when (1) she was denied a reasonable accommodation in April 2012, (2) she was verbally counseled in June 2014, (3) her post restriction was extended in January 2015, and (4) she was demoted in January 2014. The Army dismissed Sneed's

---

[1] In her Complaint, Sneed does not make any specific allegations about her exhaustion of administrative remedies. She alleges that she filed a charge of discrimination with the EEOC and received a right-to-sue letter, and she states that those documents are attached to the Complaint. Compl. ¶ 7. They are not. Defendant attached to his motion to dismiss copies of two final agency decisions regarding an administrative complaint Sneed filed in March 2015, and Sneed does not challenge the authenticity of those documents. Therefore, the Court may consider them in ruling on the present motion. *See Horsley v. Feldt*, 304 F.3d 1125, 1134 (stating that a document attached to a motion to dismiss may be considered by the court without converting the motion into one for summary judgment "if the attached document is: (1) central to the plaintiff's claim; and (2) undisputed" in terms of its authenticity).

4

administrative complaint, and Sneed appealed to the Equal Employment Opportunity Commission's ("EEOC") Office of Federal Operations. The EEOC reversed the Army's decision and in September 2015 remanded the matter back to the Army for further processing.

In October 2015, the Army asked Sneed to return to assignments in the inpatient and outpatient clinics. Sneed requested a safety plan, but it was not provided and Sneed's PTSD symptoms were exacerbated. Sneed requested extended sick leave and to be placed on a leave donation program. Sneed worked for the Army until March 2016; she alleges that she was constructively discharged. Sneed does not assert that she filed an administrative complaint based on alleged constructive discharge.

On March 3, 2017, the EEOC docketed a petition to enforce its September 2015 remand order. On March 31, 2017, the Army issued a Final Agency Decision based on its investigation of Sneed's March 2015 administrative complaint. The Army concluded that the record did not support Sneed's claim that she was subjected to disparate treatment or a hostile work environment because of any protected trait and also did not support Sneed's claim that she was subjected to retaliation. But the Army did find that the Army's delay in addressing Sneed's request for a reasonable accommodation violated the Rehabilitation Act, and

5

the Army directed Plaintiff to submit documentation in support of her claim for compensatory damages. Sneed did not appeal the Army's findings on her discrimination and retaliation claims, but she did submit documentation in support of her Rehabilitation Act claim for compensatory damages. After Sneed submitted her documentation, the Army issued a second Final Agency Decision on July 6, 2017, concluding that Sneed had not submitted evidence to establish that she was entitled to compensatory damages caused by the Army's delay in accommodating her accommodation requests. Sneed appealed that decision to the EEOC on July 28, 2017, and that appeal is still pending. On August 29, 2017, the EEOC concluded that its petition to enforce the September 2015 remand order was moot based on the Army's issuance of the March 31, 2017 final agency decision. Sneed filed this action on November 27, 2017. Sneed claims that Defendant, motivated by her race and complaints of racial discrimination, denied her requests for disability accommodations and subjected her to a hostile work environment that culminated in constructive discharge.

## DISCUSSION

**I. Title VII Discrimination, Hostile Work Environment, and Retaliation Claims**

Defendant asserts that Sneed's Title VII discrimination, hostile work environment, and retaliation claims should be

dismissed because she did not file this action within ninety days after she received the Army's March 31, 2017 final agency decision. That final agency decision concluded that the record did not support Sneed's claim that she was subjected to disparate treatment or a hostile work environment because of any protected trait and also did not support Sneed's claim that she was subjected to retaliation.

Title VII provides a right of action for federal employees claiming unlawful employment practices and waives sovereign immunity for such claims. *See* 42 U.S.C. § 2000e-16(c). Before a federal employee may bring a Title VII suit, the employee must "initiate administrative review of any alleged discriminatory or retaliatory conduct." *Shiver v. Chertoff*, 549 F.3d 1342, 1344 (11th Cir. 2008) (per curiam); *accord* 29 C.F.R. § 1614.105(a)(1). Once an agency renders a final action on a federal employee's administrative complaint, the employee may appeal that action to the EEOC within thirty days of receiving notice of the final action. 29 C.F.R. §§ 1614.401(a) & 1614.402(a). Or, if the employee does not appeal to the EEOC, the employee may file a civil action within ninety days of receiving notice of the agency's final action. 42 U.S.C. § 2000e-16(c); 29 C.F.R. § 1614.407(a). The Army's March 31, 2017 final decision informed Sneed of these deadlines.

Sometime before July 6, 2017, Sneed received the March 31, 2017 final decision and complied with its directive to submit evidence in support of her claim for compensatory damages. But she did not appeal the Army's March 31, 2017 final decision. And, she did not file this action within ninety days after receiving notice of that final decision. Sneed argues that the March 3, 2017 petition to enforce the EEOC's September 2015 remand order stayed her administrative complaint before the Army until August 29, 2017, when the EEOC determined that the petition to enforce was moot based on the Army's March 31, 2017 final agency decision. Sneed did not cite any authority in support of this position. The regulation providing for petitions for enforcement, 29 C.F.R. § 1614.503, does not provide for a stay. It also does not suggest that the EEOC's decision on a petition for enforcement restarts the clock for an employee to appeal or file suit following a final agency decision that is entered in response to the filing of a petition for enforcement. Furthermore, Sneed appears to have understood that the Army's March 31, 2017 final decision was not stayed because she complied with its directive to submit evidence in support of her claim for compensatory damages.

In summary, Sneed's Title VII discrimination, hostile work environment, and retaliation claims are dismissed because she

did not file this action within ninety days after she received the Army's March 31, 2017 final agency decision.

**II. Constructive Discharge Claim**

Defendant argues that Sneed's Title VII constructive discharge claim should be dismissed because she did not present it to the Army's EEOO for investigation. Sneed did not respond to this argument.

Again, before a federal employee may bring a Title VII suit, the employee must "initiate administrative review of any alleged discriminatory or retaliatory conduct with the appropriate agency within 45 days of the alleged discriminatory act." *Shiver*, 549 F.3d at 1344; *accord* 29 C.F.R. § 1614.105(a)(1). "Generally, when the claimant does not initiate contact within the 45-day charging period, the claim is barred for failure to exhaust administrative remedies." *Shiver*, 549 F.3d at 1344. Here, Sneed claims that she was subjected to a hostile work environment that culminated in constructive discharge in March 2016.

Although Sneed's March 2015 administrative complaint alleges that she was subjected to a hostile work environment, it does not allege constructive discharge. Sneed does not assert that she filed another administrative complaint based on alleged constructive discharge. Therefore, her constructive discharge claim is barred for failure to exhaust administrative remedies.

9

Furthermore, even if the Court found that Sneed's constructive discharge was within the scope of her March 2015 administrative complaint because the claim grew out of the conduct underlying her hostile work environment claim and the Army had an opportunity to investigate this claim because it did not issue a final agency decision on the hostile work environment claim until a year after Sneed alleges she was constructively discharged, Sneed's constructive discharge claim would be barred for failure to file this action within ninety days of receiving notice of the final agency decision, as discussed *supra* § I.

**III. Claims for Intentional Infliction of Emotional Distress and Negligent Supervision**

Defendant contends that Sneed's claims for intentional infliction of emotional distress and negligent supervision should be dismissed because Sneed did not exhaust her administrative remedies as required by Federal Tort Claims Act, 28 U.S.C. § 2675(a). Sneed did not respond to this argument.

Sneed's exclusive remedy for personal injury arising from an alleged tort committed by an employee of the federal government is an action against the United States pursuant to the Federal Tort Claims Act. 28 U.S.C. § 2679(b). Before filing suit under the Federal Tort Claims Act, a plaintiff must first present her claim to the appropriate federal agency, and that claim must "have been finally denied by the agency."

28 U.S.C. § 2675(a).  Sneed does not allege that she submitted an administrative claim against the Army under the Federal Tort Claims Act regarding her claims for intentional infliction of emotional distress and negligent supervision.  Sneed also did not respond to Defendant's assertion that she failed to do so. For these reasons, the Court finds that Sneed's claims for intentional infliction of emotional distress and negligent supervision should be dismissed for failure to exhaust administrative remedies.

CONCLUSION

As discussed above, Defendant's motion to dismiss (ECF No. 7) is granted.

IT IS SO ORDERED, this 19th day of October, 2018.

s/Clay D. Land
CLAY D. LAND
CHIEF U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA